UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER J. CANNATA,<br><br>                  Plaintiff,<br>v.<br><br>JAMES HOAG, et al.,<br><br>                  Defendants. | No. 3:21-cv-05307-BJR-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

This matter comes before the Court on a Report and Recommendation ("R&R," Dkt. 37) by the Honorable David W. Christel, U.S. Magistrate Judge, that recommends granting in part and denying in part Defendants' motion for summary judgment ("Motion" or "Mot.," Dkt. 29), dismissing *sua sponte* certain of Plaintiff's claims not addressed by the Motion, and denying Plaintiff's motion to strike (Dkt. 36). Having reviewed this matter in light of Plaintiff's and Defendants' objections, the Court approves and adopts the Report and Recommendation in its entirety. The reasons for the Court's decision are set forth below.

## II.    BACKGROUND

### A.    Factual Background

The R&R provides a thorough background of the allegations and submitted evidence in this case, which this Court summarizes briefly here. Plaintiff Christopher J. Cannata ("Plaintiff"

ORDER - 1

or "Cannata") filed a lawsuit under 42 U.S.C. § 1983 claiming that, while he was imprisoned at the Stafford Creek Corrections Center ("SCCC"), Defendants James Hoag, DDS ("Hoag") and Timothy Taylor ("Taylor") violated his rights under the Eighth Amendment, and Hoag violated his rights under the Fourteenth Amendment and Americans with Disability Act, by refusing to provide him an alternative toothpaste to Oraline Secure ("Oraline"). *See* Amended Complaint ("Compl.," Dkt. 27). Plaintiff alleges that he is allergic to Oraline, which was the only toothpaste available at the SCCC commissary. *Id.* In addition to damages, Plaintiff seeks a declaration "that the acts and omissions of the defendants have violated Plaintiff's rights." *Id.* ¶¶ 40-42.

The submitted evidence reflects that, in September 2018, while housed at a different prison before arriving to SCCC, Plaintiff submitted a Health Service Kite ("HSK") complaining of a "severe allergic reaction" to Oraline. Dkt. 30-1 at 76 ("My gums bleed profusely, and painful clusters of sores form all over the inside of my mouth…"). In response, a prison dentist, Dr. Bassham, instructed Plaintiff to discontinue the use of Oraline. *Id*. In October 2018, after Plaintiff submitted an HSK complaining that brushing with water was not alleviating the "severe pain throughout [his] gums and teeth," a separate prison dentist, Dr. Rao, granted Plaintiff a Health Status Report ("HSR") directing the prison to provide Plaintiff with Colgate toothpaste. *Id.* at 64.

In July 2019, after being moved to another prison, Plaintiff – who, several months prior, had a tooth extracted because of tooth decay and was diagnosed with a moderate cavity in another tooth (Dkt. 30-2 at 14, 16, 18) – submitted another HSK asking for Colgate because Oraline was the only toothpaste available at that prison's commissary. Dkt. 30-1 at 50. In response, Dr. McCullum, another prison dentist who had discussed Plaintiff's situation with the Dental Director, issued an HSR to Plaintiff "allowing [him] access to the Colgate toothpaste from the commissary list." Dkt. 30-1 at 48-49.

ORDER - 2

Plaintiff was moved to SCCC shortly thereafter, on August 26, 2019 (Dkt. 30 ¶ 3), and immediately submitted an HSK requesting an alternative toothpaste to Oraline because of his allergy. Dkt. 30-1 at 44. Hoag, a Washington Department of Corrections ("DOC") dentist then assigned to SCCC (Dkt. ¶ 3), responded that Plaintiff could brush his teeth with a toothbrush and water to maintain his dental hygiene. Dkt. 30-1 at 44. Over the next three and a half months, Plaintiff submitted a dozen more HSKs requesting an alternative toothpaste and complaining of bad breath and worsening tooth and gum pain. *Id.* at 31-43. Hoag denied the majority of those requests. Dkt. 30-1 at 37-39, 41, 43-45. Taylor, a Health Services Manager at SCCC (Dkt. 30 ¶ 2), also denied three HSKs, referring Plaintiff to the advice of his dental provider. Dkt. 30-1 at 36, 40, 56. Plaintiff also filed a grievance in October 2019 based on his denial of an alternative toothpaste. Dkt. 31-1 at 2. That grievance, which became a "Level 2" grievance after Plaintiff appealed based on the untimely investigation of his complaint (*see id.* at 3), was eventually denied on October 7, 2020. *Id.* at 7.

Kyntrel T. Jackson ("Jackson"), a prisoner housed at SCCC from September 2019 to September 2020, declares that Hoag had approved daily provisions of a sodium fluoride mouthwash, as a nonallergy alternative to Oraline, while he was at SCCC. Dkt. 33, Ex. C ¶¶ 3-4. Jackson informed Plaintiff of this in November 2019. *Id.*

### B.    Procedural Background

On January 26, 2022, Defendants moved for summary judgment on Plaintiff's Eighth and Fourteenth Amendment claims. Plaintiff opposed the Motion on February 20, 2022 ("Opposition" or "Opp.," Dkt. 33), and Defendants replied on February 24, 2022 (Dkt. 34). Plaintiff also filed a surreply asking the Court to strike two arguments from Defendants' reply brief. Dkt. 35.

ORDER - 3

In the R&R, Magistrate Judge Christel recommends (1) denying Defendants summary judgment on Plaintiff's Eighth Amendment claim against Hoag; (2) granting Defendants summary judgment on Plaintiff's Fourteenth Amendment claim and his Eighth Amendment claim as against Taylor; (3) dismissing *sua sponte* Plaintiff's claims under the ADA and for declaratory relief, pursuant to relevant court screening provisions; (4) and denying Plaintiff's motion to strike. In response, Plaintiff filed objections on March 20, 2022 ("Pl. Obj.," Dkt. 38), Defendants filed objections on March 21, 2022 ("Def. Obj.," Dkt. 39), and Plaintiff filed a response to Defendants' objections on March 28, 2022 (Dkt. 40).

### III.  STANDARD OF REVIEW

"The standard for summary judgment is familiar: Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact." *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quotation marks and citation omitted). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV.  DISCUSSION

**A.  Portions of the R&R to Which No Objection is Made**

Plaintiff does not object to the R&R's recommendations that his claims under the Fourteenth Amendment and the ADA, and for declaratory relief, be dismissed. *See* R&R at 22-28.[1] Plaintiff also does not object to the R&R's recommendation that his motion to strike be

---

[1] Plaintiff states that he objects to the R&R's recommendation that his ADA claim be dismissed "only to the extent that if failing to do so … would prevent him from" amending the Complaint. Pl. Obj. at 6. If Plaintiff wishes to

ORDER - 4

denied. *See* R&R at 28-29. The Court therefore reviews those portions of the R&R for clear error. *See Johnsen v. Harlan*, No. 19-cv-58, 2019 WL 6713372, at *3 (W.D. Wash. Dec. 10, 2019); 28 U.S.C. § 636 (a district court "shall make a *de novo* determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made" (emphasis added)). Finding no clear error, the Court dismisses with prejudice Plaintiff's claims under the Fourteenth Amendment and the ADA, and for declaratory relief, and denies his motion to strike.

### B. Plaintiff's Eighth Amendment Claim

Plaintiff and Defendants object to the R&R's findings and recommendations on Plaintiff's Eighth Amendment claim. This Court, therefore, reviews *de novo* that portion of the R&R. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3).

Plaintiff's claim is predicated on two separate theories: (1) Defendants' denial of adequate medical care, and (2) Defendants' denial of a basic personal hygiene item. *See* Compl. ¶ 36. To establish an Eighth Amendment violation based on the denial of adequate medical care, "a plaintiff must satisfy both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Balla v. Idaho*, 29 F.4th 1019, 1025-26 (9th Cir. 2022) (citation omitted). "A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quotation marks and citation omitted). Similarly, to establish a violation based on conditions of confinement, the plaintiff must first "make an 'objective' showing that the deprivation was 'sufficiently serious,'" and then "a 'subjective' showing that the prison official

---

amend his Complaint, he must seek leave to do so pursuant to Rule 15 of the Federal Rules of Civil Procedure. In all events, Plaintiff's statement does not constitute an objection to the R&R's finding on his ADA claim.

ORDER - 5

acted 'with a sufficiently culpable state of mind.'" *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

### 1. Whether the Deprivation was Objectively Sufficiently Serious

The R&R found that "a reasonable juror could conclude that Plaintiff had an objectively serious need for a nonallergy alternative to Oraline" to meet his dental care needs and to maintain his personal hygiene, and that the deprivation thereof worsened his tooth decay and pain. R&R at 11-16, 20-21. In their objections, Defendants assert that there is no objective evidence that Plaintiff had a "serious dental need that required use of toothpaste" or that he was allergic to Oraline. Def. Obj. at 5-6. Defendants' objections are without merit.

It is widely accepted that "[t]ooth decay can constitute an objectively serious medical condition because of pain and the risk of infection." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *see Evins v. Curry*, No. 08-cv-2537, 2010 WL 476678, at *6 (N.D. Cal. Feb. 3, 2010) ("There is no dispute that Plaintiff's pain resulting from tooth decay [is] a serious medical need."); *see also Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates." (citation omitted)). As the R&R explains and the submitted evidence shows, Plaintiff repeatedly complained of tooth pain while at SCCC, had been diagnosed with cavities, and eventually, shortly after leaving SCCC, needed to have a tooth restored because of a deep cavity in that tooth. *See* R&R at 12-13; Dkt. 30-2 at 6. There is also evidence in the record that toothpaste was necessary to prevent tooth decay because it contains fluoride. *See, e.g.*, Dkt 30-1 at 19 (HSR from a prison dentist to Cannata stating that "brushing with toothpaste helps prevent decay because it contains [f]luoride"); *see also Board v. Farnham*, 394 F.3d 469, 482 (7th Cir. 2005) ("toothpaste [] prevents future potentially serious dental problems such as tooth decay").

ORDER - 6

Further, while Defendants may be correct that no dental provider ever formally diagnosed Plaintiff with an Oraline allergy (*see* Def. Obj. at 6), there is other evidence that creates a genuine issue as to whether Plaintiff had such an allergy. *See* R&R at 13-14. Not only did Plaintiff repeatedly complain that he was experiencing a severe allergic reaction to Oraline (*see, e.g.*, Dkt. 30-1 at 76), two separate dentists (Dr. Rao and Dr. McCullum) had previously responded to Plaintiff's complaints by issuing HSRs permitting him access to Colgate toothpaste (*see id.* at 48, 64). A third dentist, Dr. Bassham, specifically advised Plaintiff that certain toothpastes may cause allergic reactions. *See id*. at 67. In light of this evidence, this Court agrees with the R&R's finding that a reasonable juror could conclude that Plaintiff had a serious need for a nonallergic alternative toothpaste, and that Defendants' over-three-month deprivation thereof satisfies the objective prong of an Eighth Amendment claim. *See Flanory v. Bonn*, 604 F.3d 249, 255-56 (6th Cir. 2010) (denial of toothpaste, causing tooth pain and extraction, "amount[ed] to more than a mere inconvenience or a harmless deprivation of hygiene products" and constituted an Eighth Amendment violation).

### 2. Whether Defendants Acted with a Culpable State of Mind

In the R&R, Magistrate Judge Christel found that "a reasonable juror could not conclude that [] Taylor was deliberately indifferent to Plaintiff's serious medical need" because he held an administrative position at SCCC without the ability to make treatment decisions. R&R at 17, 21. Magistrate Judge Christel found, on the other hand, that there is sufficient evidence to permit such juror to conclude that Hoag was deliberately indifferent. R&R at 17-18; 21.

In his objections, Plaintiff contends that Taylor's failure to investigate his submitted grievance, in violation of Taylor's obligation under DOC policy to resolve grievances timely, caused him to be deprived of a nonallergic toothpaste. Pl. Obj. at 3-4. As an initial matter, this argument is procedurally improper. While Plaintiff "noted" in his Opposition's statement of facts

ORDER - 7

that "Taylor … did nothing in response to the grievance" (Opp. at 14), he did not argue that Taylor's alleged failure to investigate constituted, or contributed to, a violation of Plaintiff's constitutional rights. Rather, Plaintiff's theory of Taylor's liability was that "Taylor refused to provide Plaintiff with any toothpaste" by denying his HSK requests. *See id*. at 22-23. Plaintiff's new theory was never presented to Magistrate Judge Christel, and therefore, it cannot properly be raised in his objections. *See Health Care Auth. v. Azar*, No. 3:19-cv-06137, 2020 WL 63364562020 WL 6336456, at *3 (W.D. Wash. Oct. 29, 2020) ("It is not proper for this Court to consider arguments and theories not presented to the magistrate judge."). In all events, Plaintiff's argument is without merit. There is no evidence that Taylor's failure to investigate stemmed from an impermissible motive, and given that Plaintiff's grievance was ultimately denied upon appeal (*see* Dkt. 31-1 at 7), that failure also could not have caused Plaintiff's injury. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must [] demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").

With respect to Hoag, Defendants contend that "there is nothing in the record" showing that he subjectively disregarded a risk to Cannata's dental health, and that Plaintiff merely shows "a difference of opinion between a prisoner-patient and prison medical authorities." Def. Obj. at 3, 5-6. As the R&R explains, however, while Plaintiff was at SCCC complaining about his lack of access to an alternative toothpaste, Hoag had provided Jackson – another prisoner at SCCC who complained about an Oraline allergy – with a fluoride mouthwash as an alternative to Oraline. Dkt. 33, Ex. C ¶¶ 3-4; *see Jackson v. Dep't of Corr. Washington*, No. 16-cv-1856, 2018 WL 1867124, at *6 (W.D. Wash. Feb. 22, 2018) ("fluoride rinse" is a "viable toothpaste option"), *report and recommendation adopted*, 2018 WL 1836777 (W.D. Wash. Apr. 18, 2018). Further, Hoag's response to one of Plaintiff's HSKs can reasonably be interpreted to suggest personal

ORDER - 8

animosity. *See* Dkt. 30-1 at 36 ("Just because you want to be released from prison, doesn't mean the doors will be opened for you."). The Court finds that evidence of those acts creates a genuine issue as to whether Hoag's repeated denial of a nonallergic toothpaste was based on deliberate indifference to Plaintiff's complaints and needs.

### 3. Whether Hoag is Entitled to Invoke Qualified Immunity

The R&R concluded that Hoag is not entitled to invoke qualified immunity, which is a doctrine that shields officials from civil damages liability where their conduct did not violate a right that was "clearly established" at the time. *See Anderson v. Creighton*, 483 U.S. 635 (1987). A right is "clearly established" when "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640. In this Circuit, "[t]o determine whether a right was clearly established, a court turns to Supreme Court and Ninth Circuit law," but "[i]n the absence of binding precedent, courts should look to available decisions of other circuits and district courts." *Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir. 2010); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."). Defendants contend that a "general right to dental hygiene products," and a single out-of-circuit decision cited by Plaintiff recognizing the right to toothpaste, *Board*, 394 F.3d 469, cannot establish that Plaintiff had a clearly established right to an alternative toothpaste. Def. Obj. at 7-9.

As the R&R explains (at 19), the Ninth Circuit has long held that a delay in dental care that causes serious dental problems or pain can constitute a violation of a prisoner's Eighth Amendment rights. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989). It is true that the Ninth Circuit has never expressly held that prisoners have a specific right to toothpaste. *Cf. Keenan v.*

ORDER - 9

*Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) ("inmates have the right to personal hygiene supplies such as toothbrushes"), *opinion amended on denial of reh'g on other grounds*, 135 F.3d 1318 (9th Cir. 1998). However, numerous circuit courts – more than a single one, as Defendants suggest – have found Eighth Amendment claims, premised on both the denial of medical care and of personal hygiene items, to be cognizable based on the lengthy deprivation of toothpaste. *See Flanory*, 604 F.3d at 255-56 (Sixth Circuit); *Board*, 394 F.3d at 478-84 (Seventh Circuit, holding that deprivation of toothpaste violated prisoners' "clearly established" right to adequate medical care and personal hygiene); *Myers v. Hundley*, 101 F.3d 542, 543-44 (8th Cir. 1996) (long-term deprivation of hygiene products, including toothpaste, violated Eight Amendment rights); *Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (deprivation of toothpaste that "caused [prisoner's] gums to bleed and recede and tooth decay that eventually had to be treated by a dentist" could constitute Eighth Amendment violation).

Those courts' recognition of a right to toothpaste as necessary to treat and prevent serious dental problems – which this Court may consider "to ascertain whether the law is clearly established," *Community House*, 623 F.3d at 967 – is an unremarkable extension of the well-settled right in the Ninth Circuit to adequate dental care. *See Hunt*, 865 F.2d at 200-01. While none of those decisions dealt with the deprivation of a nonallergy alternative, that distinction is logically irrelevant. By way of analogy, prison officials who provide an inmate with healthy food may still violate his rights if he is demonstrably allergic to that food and is not provided with an alternative. *See, e.g.*, *Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 128-29 (3d Cir. 2018) (plaintiff stated claim where he was "left with an unenviable choice: avoid the offending foods (which left him with an insufficient amount of food) or eat them and suffer allergic reactions).

ORDER - 10

Consistent with those circuit court decisions, a court in this District, in *Jackson*, rejected the defendants' claim of qualified immunity under circumstances similar to this case, finding that their denial of a nonallergy alternative to the prison-provided toothpaste violated the plaintiff's "clearly established" right to oral hygiene products. 2018 WL 1867124, at *6-7. This Court comes to the same conclusion here. Insofar as Plaintiff can prove at trial that he had a serious need for a nonallergic alternative toothpaste, Hoag's repeated denial of that alternative would be violative of Plaintiff's clearly established right to it. This Court therefore agrees with the R&R's finding that Hoag may not invoke qualified immunity.

Accordingly, this Court adopts the R&R in its entirety.

## V.  CONCLUSION

For the foregoing reasons, the R&R (Dkt. 37) is adopted in full, and the Court GRANTS in part and DENIES in part Defendants' motion for summary judgment (Dkt 28). The Court dismisses with prejudice Plaintiff's (1) Eighth Amendment claim as against Defendant Taylor, (2) Fourteenth Amendment claim, (3) Americans with Disability Act claim, and (4) claim for declaratory relief. The Court DENIES Plaintiff's motion to strike (Dkt. 35).

The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable David W. Christel.

SO ORDERED.

Dated:  June 14, 2022

*Barbara J. Rothstein*
_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 11